CHICAGO—FIRST DISTRICT—OCTOBER, 1916.    453

Ed. Hockaday & Co. v. C., M. & St. P. Ry. Co., 201 Ill. App. 453.

## Ed. Hockaday & Company, Plaintiff in Error, v. Chicago, Milwaukee &. St. Paul Railway Company, Defendant in Error.

### Gen. No. 21,440.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

### Statement of the Case.

Action by Ed. Hockaday & Company, a corporation, plaintiff, against the Chicago, Milwaukee & St. Paul Railway Company, a corporation, defendant, for damages for nondelivery of a shipment of goods consigned to the plaintiff. To review a judgment for defendant, plaintiff prosecutes a writ of error.

BENJAMIN LEVERING and ELMER H. HEITMANN, for plaintiff in error.

J. N. DAVIS and J. M. LORENZ, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 965*—*how points of law may not be preserved for review.* An agreement between parties as to what questions of law are to be determined upon the trial of a case is not a compliance with the requirements that, to preserve points of law for review, written propositions must be presented to the court to be held as such.

2. CARRIERS, § 93*—*when consignee may not maintain action for damages for nondelivery of goods.* Where, on failure of a carrier to deliver a shipment to a consignee in accordance with the bill of lading, the consignee canceled the order, *held* that he could not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

maintain an action against the carrier for damages resulting from his having to substitute other goods in lieu of those shipped, as his special interest in the goods shipped was lost on the cancellation of the order.

3. CARRIERS, § 162*—*what is effect of failure to timely present claim for damages.* Failure of a consignee of goods to present a claim in writing to the carrier within four months, as stipulated in the bill of lading, after the time delivery should have been made, *held* to preclude a recovery by him for damages for nondelivery.